UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS EDWARD DADEN, individually and d/b/a WWW.ROLEXSAVINGS.COM, "ROLEX SAVINGS INC." and "DOUGLAS ENTERPRISES COMPANY"; UNKNOWN WEBSITES 1-10; UNKNOWN ENTITIES 1-10; and "JOHN DOES" 1-10,<br><br>Defendants. | CIVIL ACTION NO. 8:08 CV 1149-MSS<br><br><br>**FINAL JUDGMENT AND INJUNCTION BY DEFAULT AGAINST DOUGLAS EDWARD DADEN, individually and d/b/a WWW.ROLEXSAVINGS.COM, "ROLEX SAVINGS INC." and "DOUGLAS ENTERPRISES COMPANY"** |

**THIS CAUSE** comes before the Court on the Motion of Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff") for the entry of a Final Judgment and Injunction by Default against Defendant Douglas Edward Daden individually and d/b/a www.rolexsavings.com, "Rolex Savings, Inc." and "Douglas Enterprises Company" (hereinafter referred to as "Daden", "Defendant", or "Defendant Daden"). The Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Final Judgment and Injunction by Default against Daden. Accordingly, the Court does hereby **ORDER, ADJUDGE AND DECREE** as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. Venue is proper in the Middle District of Florida.

3. Daden is subject to the jurisdiction of this Court pursuant to and in accordance with the laws of the State of Florida and Rule 4 of the Federal Rules of Civil Procedure.

4. Rolex is the owner of, including, but not limited to, the following federal trademarks (hereinafter collectively referred to as the "Rolex Registered Trademarks"), which are registered in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
| --- | --- | --- | --- |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| THE ROLEX AWARDS FOR ENTERPRISE | 3,260,453 | 7/10/07 | Books and magazines pertaining to the advancement of human knowledge and well-being in the fields of science and medicine, technology and innovation, exploration and discovery, the environment and cultural studies. |

2

5. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women.

6. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks.

7. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

8. Rolex has used the Rolex Registered Trademarks in the United States and in interstate commerce for many years.

9. The Rolex Registered Trademarks are entitled to protection under the federal trademark laws and under the laws of the State of Florida.

10. Rolex filed its Complaint against Daden on June 13, 2008.

11. An examination of the Court's files and records in this case shows that on June 26, 2008, Defendant Daden was served with a Summons and a copy of the Complaint in this action.

12. Defendant Daden failed to file an answer or otherwise defend in this action, as required by law. Accordingly, following Rolex's application for the entry of default against Daden, the Clerk of the Court entered a default against Daden on August 4, 2008.

13.     As a result of Daden's default in this action, Daden is deemed to have admitted the allegations contained in Rolex's Complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (in defaulting, defendant "admits the plaintiff's well-pleaded allegations of fact").

14.     Thus, the Court finds that Daden is liable to Rolex on all Counts of the Complaint. Therefore, Daden is liable to Rolex for: willful and malicious trademark infringement under federal law, 15 U.S.C. § 1114, et seq.; cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A); willful trademark dilution under federal law 15 U.S.C. § 1125(c); false designation of origin and false description under federal law 15 U.S.C. § 1125(a); and unfair competition under the common law of the state of Florida.

15.     As a result of Defendant Daden's unlawful conduct, Rolex is entitled to the entry of a permanent injunction against Daden. Accordingly, the Court hereby permanently enjoins and restrains Daden and his employees, agents, servants, successors and assigns, and all those acting in concert or participation therewith, from:

>     a.     Imitating, copying or making any other infringing use or infringing distribution of watches, watch parts or accessories protected by the Rolex Registered Trademarks;
>
>     b.     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale and selling, advertising, importing, promoting or displaying any item or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Rolex Registered Trademarks;

4

c. using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

d. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

e. using a false description or representation, including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

f. further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex;

g. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

h. hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products bearing counterfeits of the Rolex Registered Trademarks;

i. registering, controlling or maintaining the rolexsavings.com website, as well as any other website, domain name or business that incorporates the ROLEX trademark or any other of the Rolex Registered Trademarks;

5

j. having any connection whatsoever with any websites that offer for sale any merchandise bearing infringements or counterfeits of the Rolex Registered Trademarks;

k. making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

l. engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

m. using or continuing to use the Rolex Registered Trademarks or trade names or any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

n. using or continuing to use the Rolex Registered Trademarks or trade names or any variation thereof in connection with Daden's offer to sell and sale of goods;

o. secreting, destroying altering, removing or otherwise dealing with the unauthorized products or any books or records which contain any information relating to Daden's advertising, promoting, or provision of services which infringe the Rolex Registered Trademarks;

p. acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website

under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex; and

q. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (p).

16. Pursuant to and in accordance with 15 U.S.C. § 1117(d), the Court hereby Orders Daden to pay Rolex the sum of $100,000.00, as an award of statutory damages for Daden's willful acts of cybersquatting. Said award to Rolex shall bear interest from the date of this judgment at the rate provided by law.

17. Pursuant to and in accordance with 15 U.S.C. § 1117(a), this Court finds that given the bad faith and willful nature of the violations, this case constitutes an "exceptional" case for purposes of awarding attorney's fees. Thus, Rolex shall also recover: (a) attorneys' fees for the preparation and prosecution of this action against Daden in the sum of $9,000.00 ($375/hr x 24 hrs), with interest thereon at the rate provided by law; and (b) costs incurred in this action in the sum of $490.00, with interest thereon at the rate provided by law.[1]

18. The Court hereby Orders the immediate transfer to Rolex of the rolexsavings.com website and domain name. Hence, as soon as Rolex provides a copy of this Final Judgment and Injunction by Default to the host or Internet Service Provider for

---

[1] Attorney Harry R. Schafer seeks a rate of $500 per hour for legal services rendered in this case. (Dkt. 12). However, Mr. Schafer does not itemize his hours and services and does not describe his experience. This Court finds that $375 per hour is a reasonable rate.

7

the rolexsavings.com website, such host or Internet Service Provider shall immediately transfer the rolexsaving.com website and domain name to Rolex.

19. Within ten (10) days of the date of this Final Judgment and Injunction by Default, Daden shall take all steps necessary to transfer to Rolex all websites, or other domain names that Daden owns or controls that contain the Rolex Registered Trademarks, or marks substantially indistinguishable and/or confusingly similar thereto.

20. Within ten (10) days of the date of this Final Judgment and Injunction by Default, Defendant Daden shall take all steps necessary to remove from all websites Daden owns or controls all text or any other media bearing Rolex Registered Trademarks or any marks confusingly similar hereto.

21. Within thirty (30) days of the date of this Final Judgment and Injunction by Default, Defendant Daden shall file and serve Rolex with a sworn statement setting forth in detail the manner and form in which Daden has complied with this Final Judgment and Injunction by Default, including its injunctive provisions.

22. Because the Court finds that Defendant Daden's acts constitute willful and/or malicious injury to Rolex and/or Rolex's property under 11 U.S.C. § 523(a)(6), the sums awarded to Rolex herein are not dischargeable in any bankruptcy proceeding filed by Daden.

23. In the event Rolex seeks enforcement of any provision of this Final Judgment and Injunction by Default, Rolex shall serve Daden by United States Mail with a copy of Rolex's enforcement application. Such service shall be considered effective if

Rolex sends a copy of Rolex's enforcement application to Daden at the following addresses:

Douglas Daden
11305 Georgetown Circle
Tampa, FL 33635

Douglas Daden
2733 Via Ciprianni
Suite 831B
Clearwater, FL 33764

24. The terms of this Final Judgment and Permanent Injunction shall govern and bind the activities of Defendant Daden, his agents, servants, employees, and attorneys, and all persons in active concert or participation therewith.

25. The Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Final Judgment and Injunction by Default.

26. The Clerk is directed to close this case.

**DONE AND ORDERED** this 21st day of October, 2008.

_____
JAMES D. WHITTEMORE
United States District Judge

9